Robert B. Rosenstein     SBN: 90036
Donald W. Hitzeman     SBN: 110962
Larissa A. Branes     SBN: 245875
ROSENSTEIN & HITZEMAN, AAPLC
28600 Mercedes Street, Suite 100
Temecula, CA 92590
Telephone:     (951) 296-3888
Facsimile:     (951) 296-3889

Attorneys for Plaintiff,
Generic Manufacturing Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GENERIC MANUFACTURING CORPORATION, a California Corporation and doing business as RESINA,<br><br>            Plaintiff,<br>v.<br><br>LAZAR TECHNOLOGIES, INC., a New Jersey Corporation doing business as Lazar Cappers; LAZAR CAPPERS, a business entity form unknown; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No: CV 09-09038 SJO (DTBx)<br><br>**CONSENT DECREE PURSUANT TO SETTLEMENT AGREEMENT AND MUTUAL RELEASE**<br><br>Assigned to Hon. S. James Otero |

Plaintiff, Generic Manufacturing Corporation ("Plaintiff" or "Generic"), and Defendant, Lazar Technologies, Inc. ("Defendant" or "Lazar") (collectively referred to as the "Parties"), have agreed upon a basis for settling the claims, differences and causes of action between them, including entry of this Consent Decree. Accordingly, with good cause appearing therefor, the Court:

HEREBY ORDERS, ADJUDGES and DECREES that this Consent Decree shall be and is hereby entered in the within action, as follows:

1.     This Court has jurisdiction over the Parties to this action and over the subject matter hereof, pursuant to the provisions of the Lanham Act, Act of July 5, 1946, 60 Stat. 427, USC, Title 15, Sections 1051-1127, 28 U.S.C. §1331, §1338 and §1367.

2.     Plaintiff is and, since at least May 17, 2006, has been the registered Owner of Record of

[AMENDED PROPOSED] CONSENT DECREE

the "Resina" trademark, pursuant to Trademark Registration No. 2293985, originally registered in the United States Patent and Trademark Office on November 23, 1999, listed in Exhibit "A," which is attached hereto and incorporated herein by reference (the "Trademark").

3. Plaintiff has alleged that Defendant has made unauthorized uses of Plaintiff's Trademark or substantially similar likenesses or colorable imitations thereof, in violation of 15 U.S.C. § 1114, unfairly competed with Plaintiff in violation of 15 U.S.C. § 1125(a), and diluted Plaintiff's Trademark in violation of 15 U.S.C. § 1125(c).

4. Plaintiff filed a Complaint with this Court on December 9, 2009, alleging four (4) causes of action for: (1) Federal Trademark Infringement under the Lanham Act § 32; (2) Unfair Competition under Lanham Act § 43(a); (3) Unfair Acts under California Business and Professions Code § 17200 *et seq.*; and (4) Trademark Dilution under Lanham Act § 43(c)(1) (the "Action").

5. On February 22, 2011, the Court entered an order granting Defendant's Motion for Summary Judgment and, on February 22, 2011, judgment was entered as a matter of law in favor of Defendant and against Plaintiff on Plaintiff's claims for Federal Trademark Infringement, Federal Unfair Competition, Violation of California Business & Professions Code §17200 *et seq.* and Federal Trademark Dilution.

6. On March 23, 2011, Plaintiff filed its Notice of Appeal to the United States Court of Appeals for the Ninth Circuit, from the Court's Order granting Defendant's Motion for Summary Judgment and Judgment for Defendant as a matter of law; on March 28, 2011, Defendant filed its Notice of Cross-Appeal to the United States Court of Appeals for the Ninth Circuit from the Court's Order Granting Defendant's Motion for Summary Judgment and Judgment for Defendant as a matter of law, rejecting Defendant's affirmative defense of laches; and on April 29, 2011, Defendant filed its Amended Notice of Cross-Appeal to the United States Court of Appeals for the Ninth Circuit from the Court's Order Granting Defendant's Motion for Summary Judgment and Judgment for Defendant as a matter of law, rejecting Defendant's laches affirmative defense and the denial of its Motion for Attorney's Fees (the "Appeals").

7. On April 12, 2012, Plaintiff and Defendant entered into a Settlement Agreement and Mutual Release, thereby settling the Action and Appeals, and setting forth the mutual terms

constituting consideration for their agreement and consent to entry of this Consent Decree.

8. Pursuant to the Settlement Agreement and Mutual Release, Defendant, its officers, agents, servants, affiliates, and employees, and those persons in active concert or participation with them are hereby enjoined and permanently restrained from any use of the Resina® Trademark, other than as specifically set forth below:

    i. Defendant is expressly prohibited from any use of the Resina® Trademark or the "Resina" name in domain names, post-domain paths, meta tags, meta data, keywords, source codes and/or hidden text and script associated with the websites owned and operated by Defendant, whether presently operating or created in the future, which are not directly associated with the creation and/or generation of visible text on the web pages and indexing content of the website of any such websites owned and/or operated by Defendant. The use of the Resina® Trademark or the "Resina" name in domain names, post-domain paths, meta tags, meta data, keywords, source codes, visible and/or hidden text, labeling of photographic images and script may constitute trademark infringement, when used for the sole purpose of gaining higher rankings in search engine recognition or results, and may constitute unfair competition and Defendant will be in violation of the provisions set forth in this Agreement.

    ii. Defendant may, except as otherwise set forth in Paragraph (i) above, lawfully use the word "Resina" on its website and advertising, including but not limited to visible web text (which is visible to the viewing public without using the "view source code function"), meta tags, meta data, mastheads, keywords, post-domain paths and labeling of photographic images, in accordance with Ninth Circuit decisional law, as long as all visible web page text is affixed with the registered trademark symbol denoted as "®", i.e., "Resina®," and, to the extent possible, all HTML source codes, including meta tags, are affixed with the registered trademark symbol "®" or HTML coding, such as "&reg." No use of the word "Resina" is permitted in meta tags, meta data, keywords, source codes and/or hidden text and script for a web page, unless it is required for and limited to generating visible text on a web page, indexing content of the Defendant's website, and is used to legitimately describe Defendant's website. No additional meta tags and/or meta

[AMENDED PROPOSED] CONSENT DECREE
3

data for the sole purpose of search engine optimization or gaining higher rankings in search engine recognition and results is permitted. The lawful use of "Resina®" is, as set forth in the fair use parameters herein, restricted to truthful, non-misleading uses of "Resina®" and includes all truthful advertising and marketing, such as the sale of Lazar change parts, Lazar replacement parts, Lazar equipment guards, Lazar servicing of Resina® machines when properly denominated and designated as such. For example, Lazar may not simply state "Resina Parts"; Lazar must state "Lazar Parts for Resina® Machines" or "Lazar Parts for Resina® Cappers." Likewise, instead of portraying "Resina Quills," Lazar may depict its manufactured part as "Lazar Manufactured Quills for Resina® Machines," or a description substantially similar that clearly apprises any potential customer of the derivation and origin of the subject product.

  iii. Defendant may maintain any lawfully acquired used genuine Resina® machines, parts or manuals currently in its possession. Defendant may sell any lawfully acquired used Resina® machines, parts, or manuals in the future, as long as clearly identified by Defendant as used, secondhand or a denotation substantially similar.

  iv. Defendant shall state on its website and advertising that "Lazar is not affiliated, associated, authorized, endorsed, or sponsored by Resina"; however, any such printed language must be in similar font and color as the other text appearing on the website or advertising which refers to Lazar in any fashion.

9. This Consent Decree shall become effective upon its entry by the Court. Plaintiff shall serve a Notice of Entry on Defendant subsequent to entry by the Court.

10. Except as set forth in the Parties' executed Settlement Agreement and Mutual Release, each side shall bear its own fees and costs of suit, except that, in an action brought to enforce the Consent Decree, or action which claims a breach of the Settlement Agreement and Mutual Release, the Prevailing Party or Parties shall be entitled to recover reasonable attorneys' fees and costs.

11. This Court shall retain jurisdiction over the Parties for the purpose of making further orders necessary or proper for the construction or modification of the Settlement Agreement and Mutual

1  Release and this Consent Decree, the enforcement hereof, and the punishment of any violations
2  hereof.
3  12.   Plaintiff has established that it is the registered Owner of Record of the Trademark.
4  However, the entry of this Consent Decree shall not bind or bar potential third parties from
5  attempting to assert or establish a good faith claim to either the Trademark or to registration of the
6  Trademark.

Dated: June 1, 2012   _____
            The Honorable S. James Otero
            United States District Court Judge

Presented by:

Rosenstein & Hitzeman, AAPLC

By:   /s/ Donald W. Hitzeman
      Donald W. Hitzeman
      Attorneys for Plaintiff,
      Generic Manufacturing Corporation


Trachtman & Trachtman

By:   /s/ Ryan M. Craig
      Ryan M. Craig
      Attorneys for Defendant,
      Lazar Technologies, Inc.

[AMENDED PROPOSED] CONSENT DECREE